**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-904C
(Filed: November 13, 2015)

**FILED**
NOV 13 2015
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * *
```
DAN HOCK,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant.*
```
* * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

    Plaintiff, appearing *pro se*, filed his complaint in this court on August 19, 2015, the latest in a string of suits filed in various state and federal courts. Defendant moved to dismiss for lack of subject matter jurisdiction on October 19, 2015. Plaintiff filed an amended complaint as a matter of course on November 2, 2015, mooting the motion to dismiss. Plaintiff has also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. Plaintiff's sister also attempted to file a motion for appointment of counsel, but it is not clear whether she filed that in a representative capacity for her brother or on her own behalf. In any event, that document must be returned as unfiled because she is not a party to this case, and plaintiff has already filed such a motion.

    It is clear on the face of the amended complaint that we lack jurisdiction over it. We need not wait for a response to the amended complaint because we must dismiss a case *sua sponte* when it is clear that we lack jurisdiction. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

    Although the initial complaint was largely unintelligible, defendant's motion to dismiss has seemingly narrowed plaintiff's aim, and the amended complaint cites sections 1983 and 1985 of title 42 of the United States Code

and various other tort theories of recovery. We have jurisdiction over none of them, however.

The Tucker Act, 28 U.S.C. § 1491 (2012), this court's primary grant of jurisdiction, gives this court jurisdiction over claims against the United States for money damages arising out of a constitutional, statutory, regulatory, or contractual right to the payment of money. Specifically excluded from that jurisdiction are claims grounded in tort. *Id.* (excluding cases "sounding in tort"). Therefore plaintiff's claims for conspiracy, fraud, and infliction of emotional distress must be dismissed as they are classic examples of allegations of tort over which we have no jurisdiction.

Similarly, excluded from this court's jurisdiction are claims based on the civil rights statute sections cited by plaintiff, 42 U.S.C. §§ 1983, 1985. That statute, the Civil Rights Act, provides for exclusive remedy in the United States district courts. *See, e.g., Hernandez v. United States*, 93 Fed. Cl. 193, 199 (2010). The real basis of plaintiff's allegations is his lack of success previously in other federal and state courts. We have no jurisdiction over a collateral attack on another court's judgment.

Because it is clear that we lack jurisdiction over the allegations in the amended complaint, we must dismiss. Accordingly, the following is ordered:

1. The document received on November 4, 2015, signed by Collen Hock, is to be returned unfiled.

2. For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

3. Plaintiff's motion for appointment of counsel is denied.

4. Defendant's motion to dismiss is denied as moot.

5. The clerk's office is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Judge